Robert G. BROMLEY, Philip L. Kintzele, Karl R. Lindfors, Frederick, M. Phelps III, Ken W. Smith, John B. Mitchell, J. Carroll Arnett, Ella M. Gregoricka, Thomas B. Reed, Thomas E. Fahlstrom, Terry L. Apps, Sandra L. Conroy, Charlene L. Merrill, Vicky L. Niewoonder, Sally J. Redinger, Gordon E. Thomas, James W. Trowbridge, and Shirley A. Twietmeyer, Plaintiffs,

v.

MICHIGAN EDUCATION ASSOCIATION–NEA, National Education Association, Central Michigan University Faculty Association, Ferris Faculty Association, Grosse Pointe Education Association, Grosse Pointe Association of Educational Office Personnel, Lansing Schools Education Association, Mendon Education Association, and Traverse City Education Association, Defendants.

No. 92–CV–10443–BC.

United States District Court, E.D. Michigan, N.D.

Jan. 20, 1993.

Raymond J. LaJeunesse, Jr., Milton L. Chappell, National Right to Work Legal Defense Foundation, Inc., Springfield, VA, Reynolds H. Campbell, Kerr & Campbell, Mt. Pleasant, MI, for plaintiffs.

Arthur R. Przybylowicz, James J. Chiodini, White, Beekman, Przybylowicz Schneider & Baird, Okemos, MI, for defendants.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

The Court has under advisement, following oral argument on January 8, 1993, the defendants' Motion for Judgment on the Pleadings.

It is unnecessary for the Court to recite herein the history of pre-suit proceedings which resulted in the issuance of the Arbitration Opinion and Awards by Arbitrator Barry C. Brown on April 16, 1992. It is worthy of special note, however, that each of the plaintiffs specifically elected to challenge the Association-determined reduced service fees for 1991–1992 by utilizing the arbitration process. It is doubtful if a factual scenario could be devised to frame the statute of limitations issue in a more favorable light from the plaintiff's point of view.

The defendants would have the Court "borrow" the 21–day limitations period from the Michigan Uniform Arbitration Act, M.C.L.A. § 600.5001, et. seq., or the three-month limitations period found in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). They recognize that there is a third possibility that the Court might "borrow" the six-month limitations period found in Section 10(b) of the National Labor Relations Act, 29 U.S.C. Section 160(b), which is applicable to "hybrid" breach of contract/duty of fair representation cases.

The plaintiffs take the position that their complaint is for damages and equitable relief for violation of constitutional rights pursuant to 42 U.S.C. § 1983 and that Michigan's three-year statute of limitations governing personal injury actions, M.C.L.A. § 600.-5805(8), controls this action pursuant to *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and its progeny.

The applicable statute of limitations depends upon the nature of the action. The nature of the action must be determined from the plaintiffs' complaint, and not the defendants' view of what the complaint should be.

The plaintiffs seek a full fledged *de novo* trial of the constitutional issues which happened to have been submitted to an arbitrator and cite *McDonald v. City of West Branch*, 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984), as support. There are substantial differences, however, between *McDonald* and this case. The most obvious difference is that in *McDonald* the arbitration proceeding did not address constitutional issues. The overlap between contractual issues and constitutional issues was coincidental. In this case, the constitutional issues which the plaintiff wants to litigate *de novo* are the very issues that were submitted to arbitration. *McDonald*, however, does provide some support for the plaintiffs' argument that they will be entitled to a *de novo* determination of the issues.

*Weaver v. University of Cincinnati*, 764 F.Supp. 1241, 1246 (S.D.Ohio 1991), *aff'd and*

*remanded,* 970 F.2d 1523 (6th Cir.1992), provides the authority for defendants' argument that "absent a clear chargeability violation overlooked by an arbitrator," the plaintiffs are not entitled to "a full blown evidentiary hearing" on the chargeability issues.[1]

The submission of constitutional issues to an impartial decision maker grew out of judicial suggestion that this might be an efficient way of resolving issues. See, *Chicago Teachers Union v. Hudson,* 475 U.S. 292, 310, 106 S.Ct. 1066, 1077, 89 L.Ed.2d 232 (1986). It would not be consistent for courts to rule that two separate lawsuits are necessary, one to review the arbitration proceedings, and the other to resolve issues *de novo* if the arbitration proceedings are found to be defective.

This action may be a "hybrid" arbitration review/§ 1983 action. Nevertheless, even from defendants' view of the law, it is still a suit for relief pursuant to 42 U.S.C. § 1983.

Although there are some appealing policy reasons for a shorter period of limitations, it is the opinion of the Court that the applicable statute of limitations is three years. The action was timely commenced. An order denying the motion will be entered.

---

1. The defendants obviously construe the plaintiffs' complaint as broad enough to include a review of the arbitration proceedings. It remains to be seen if the plaintiffs construe their own complaint to include such a review if the Court determines that such a review is a precondition to a trial of constitutional issues.